John L. Larkin, J.
This proceeding, pursuant to CPLR article 78, is broug’ht by petitioner, Green Valley School, Ine. It seeks an order of this court annulling a determination of the Commissioner of Education and Arthur Crossman, District Administrator of Central School District No. 1 of the Towns of Delaware, Fremont, Callicoon, Cochecton and Hancock, Sullivan and Delaware Counties, that the program of instruction offered by the petitioner at its facility at Roscoe, New York, was not substantially equivalent to that offered by the local school district. An appeal was taken to the Commissioner of Education and by decision dated August 31, 1972, the Commissioner dismissed the appeal. The article 78 proceeding is brought before this court by an order to show cause, which order to show cause stays the respondents from taking any action to enforce the decision of respondent Nyquist until the determination of this article 78 proceeding. Respondent Nyquist cross-moves to dismiss the petition on the ground it fails to state facts sufficient to state a cause of action.
Petitioner is a Florida corporation and operates a school for children with social, psychiatric and academic problems at Orange City, Florida and also at Roscoe, Sullivan County, New York. Green Valley School, Inc., and its predecessors have conducted such a special school, according to the petitioner, for many years antedating the enactment of sections 1301 and 1304 of the Not-For-Profit Corporation Law. In December, 1971 the respondent Crossman visited the petitioner facility, for the purpose of inspecting the facility and educational program (Education Law, § 3204). Respondent Crossman then determined that the instruction offered by the petitioner was not substantially equivalent to that offered by the local school district. The effect of such decision would be to terminate the school.
*891 Petitioner appealed to the Commissioner of Education alleging that they operate a school for special children with social, psychiatric and academic problems and that there is no statutory requirement that a private school have a schedule of classes, employ teachers certified by the Education Department, or use a particular form of educational testing. The Commissioner heard the appeal and by his decision (order to show cause), reviewed the allegations of respondent Crossman and the contentions of the petitioner and made a determination, not upon a factual basis, but upon the fact that the petitioner is a foreign corporation not organized under the laws of the State of New York and that section 1301 of the Not-For-Profit Corporation Law provides that a foreign corporation shall not conduct activities in this State until it has been authorized to do so. The fact that petitioner is not authorized to transact business in New York State is not disputed. The Commissioner further found that subdivision (c) of section 1304 and subdivision (d) of section 404 of the Not-For-Profit Corporation Law, provide that the consent of the Commissioner of Education is required for the application of a foreign corporation to do business in this State when the purpose of the corporation includes a purpose for which a corporation could be chartered by the Board of Regents. Domestic corporations formed to operate a school in this State receive a charter from the Board of Regents pursuant to section 216 of the Education Law. The Commissioner determined that it was evident that the petitioner had no authority to conduct a school in this State and, therefore, a review of the report of respondent Crossman was moot. The basis for the Commissioner’s decision is clearly set forth in the last sentence of his determination: “ In the absence of authority to conduct a school in this State, respondents may not lawfully do so.”
The, petition contends that the decision of the Commissioner was made on grounds not raised on the appeal and alleges that the Commissioner of Education was without jurisdiction to determine whether a foreign corporation is, in fact, authorized to conduct business in the State of New York and the petitioner contends that such a determination is to be made solely by the courts of the State. The petition further alleges that the authority to institute proceedings to determine whether a foreign corporation is authorized to do business in the State of New York is delegated to the Attorney-General pursuant to section 1303 of the Not-For-Profit Corporation Law.
The position of the courts in New York on matters involving judgment determinations of the Commissioner of Education *892 is clear. Despite the legal objections raised, this court will consider the case on its merits. The Court of Appeals in considering the question of the reviewability of the Commissioner’s decision has stated: ‘ ‘ The purpose of the grant of quasi-judicial powers under section 310 of the Education Law is to make all matters pertaining to the general school system of the state within the authority and control of the department of education and to remove the same as far as practicable and possible from controversies in the courts ’ ”. (Matter of Vetere v. Allen, 15 NY 2d 259, 265.)
The Commissioner of Education is not bound by the judgment of the officer whose action he is reviewing under section 310 of the Education Law and may substitute his own judgment for that of the officer whose action he is reviewing. In Matter of Board of Educ. of City of N. Y. v. Allen, (6 N Y 2d 127, 141), the court has stated: “ The courts, in turn, may review the Commissioner’s determination made on appeals taken to him pursuant to section 310. However, the Commissioner’s determinations may not be stricken down unless they be ‘ purely arbitrary. ’ The Commissioner on his review has not been so restricted. That is, unlike the courts, the Commissioner is empowered to substitute his judgment for that of the officer whose action he is reviewing. This is the plain import of section 310. All the courts may do is ascertain whether the Commissioner’s decision was purely arbitrary.” Therefore, the Commissioner may substitute, and in fact did substitute, his judgment for that of respondent Crossman’s.
The petitioner’s contention that the statutory requirements of the Not-For-Profit Corporation Law do not apply due to “ grandfather’s rights ” cannot be sustained. This court is of the opinion that the Not-For-Profit Corporation Law applies to all foreign corporations which conduct any activties in this State (Not-For-Profit Corporation Law, § 102).
The brief of the petitioner does not cite any express provision for “ grandfather’s rights ”, nor was this court able to find any statute or case law to support that position. Foreign corporations expressly authorized to conduct activities in this State under authority heretofore issued to it, continue to have such authority after the effective date of the. Not-For-Profit Corporation Law (Not-For-Profit Corporation Law, § 1302 et seq.)But there is no proof in this record that the petitioner ever had any authority of any kind to conduct business in this State. Therefore, it is the conclusion of this court that the Commissioner of Education acted completely within this authority.
The petition is dismissed. The stay is vacated.