Margett, J.,
dissents and votes to reverse the final judgment and enter judgment for the petitioner, in the following memorandum: Petitioner seeks to exercise its right not to renew a lease between the parties and to recover possession of the service station leased by respondent. On the trial of the proceeding, respondent introduced evidence tending to establish that petitioner seeks to oust respondent because of his refusal to engage in price-fixing and practices in restraint of trade. After a rather extended discussion of the facts, the court below concluded that petitioner was seeking to recover possession of the premises in retaliation for respondent’s failure to participate in these illegal practices and dismissed the petition (Mobil Oil Corp. v. Rubenfeld, 72 Misc 2d 892).
The decision of the court below, affirmed ,by the majority here, would deny eviction and would, in effect, direct the petitioner to renew the expired lease (for an indefinite period and at an unspecified rental). In my opinion, the court lacks the power to so rewrite the contract of the parties. (Graf v. Hope Bldg. Corp., 254 N. Y. 1.) In First Nat. Stores v. Yellowstone Shopping Center (21 N Y 2d 630, 638) the 'Court of Appeals quoted with approval the following language from Graf:“ ‘ Stability of contract obligations must not be undermined by judicial sympathy. To allow this judgment to stand would constitute an interference by this court between parties whose contract is clear ’ (Graf v. Hope Bldg. Corp., 254 N. Y. 1, 4-5 [emphasis added] * * *).”
The manifest injustices presented in this case must be redressed by remedial legislation and not by deviating from long-settled principles of private contract and real property law. (See Schwartz v. Heyden Newport Chem. Corp., 12 N Y 2d 212, mod. 12 N Y 2d 1073, cert. den. 374 U. S. 808.) More *965 over, inquiry by this court into the questions of whether the lease is unconscionable and whether the lessee acquired a right to remain in possession is foreclosed by the affirmance of the decision in Division of Triple T Serv. v. Mobil Oil Corp. (60 Misc 2d 720, affd. 34 A D 2d 618, mot. for lv. to app. den. 26 N Y 2d 614).
Accordingly, I dissent, and vote to reverse and enter judgment for petitioner.